PEOPLE OF PUERTO RICO, Plaintiff and Appellee, v. JUAN IZQUIERDO ET AL., Defendants and Appellants.

No. 4573. Argued February 18, 1932.—Decided July 20, 1932.

*Pedro G. Quiñones* for appellants. *R. A. Gómez, Fiscal,* for appellee.

MR. JUSTICE WOLF delivered the opinion of the Court.

Juan Izquierdo and Jesús Sierra were charged with keeping for sale adulterated milk. The information alleged a

second offense. This second offense was taken into consideration in the sentence, wherein the two defendants were differently punished. The defendants appealed.

The first assignment of error was that the District Court of Bayamón acted without jurisdiction over the subject matter or the defendants inasmuch as Act No. 57 of April 28, 1930 (Laws of that year, page 414), creating such court was unconstitutional.

The first argument under this assignment is that the act was passed on the 28th of April, 1930, to take effect on July 1, 1930. The appellants maintain that the act was unconstitutional because it recited no emergency because of which it should go into effect before ninety days, the ordinary time within which an act passed by the Legislature is to take effect. The *Fiscal* draws attention to the fact that the sole thing which section 34 prescribes is that any law should only go into effect ninety days after its approval. The appellee is disposed to concede that the court might not be able to sit until the 28th of July, or ninety days after the Governor approved the act. Not only was the information presented on the 6th of May, 1931, but the facts charged were alleged to have been committed on April 21, 1931. We agree with the Government that the intention of the Legislature was to create a district court and hence that the alleged mistake relative to the date on which the act was to take effect was not incompatible with the provisions of the Organic Act. A case of this Court bears some relation with the present case. *Sueiras* v. *Monroig,* 42 P.R.R. 724. There an action was brought in the District Court of San Juan and it was alleged that the District Court of Bayamón was the proper court. It was held that the act creating the District Court of Bayamón could not go into force until the 28th of July, 1930, and that, therefore, the District Court of San Juan retained jurisdiction.

The second argument was that the District Court of Bayamón as such was never distinctly established by the act. The first section thereof reads as follows:

"There is hereby created a district court of the judicial district of Bayamón, Toa Alta, Toa Baja, Vega Alta, Vega Baja, Dorado, Corozal, Naranjito, Comerío, Guaynabo, and Cataño. This court shall have its seat in Bayamón, and its appellate and special exclusive jurisdiction shall be the same as now had by the other district courts of Porto Rico; *Provided,* That the district court of San Juan, as now constituted, shall have jurisdiction to continue to take cognizance of any action, cause or ex-parte proceeding, civil or criminal, now pending before said district court of San Juan, arising from any of the municipalities which hereby pass to the jurisdiction of the district court for the judicial district of Bayamón."

The Legislature clearly indicated its intention that the court should have its seat in Bayamón. Also, as we shall see, by the title. At the end of the paragraph it speaks of the judicial district of Bayamón. This question was to a certain extent anticipated by the decision of this Court in *Toro et al. v. District Court of San Juan,* 30 P.R.R. 501. While there were concurring opinions, we take it that there was no question as to the point raised in this case which was similarly raised in the former case, namely, that the words employed were sufficient to create a district court.

The sufficiency of the title of the act is attacked. It is as follows: "An act to create the district court of the judicial district of Bayamón, to determine its officers, and to appropriate the necessary funds therefor." We can not question that the title is a thorough sign-post to the contents of the act.

As we understand the fourth argument, the contention is that the District Court of Bayamón was not given jurisdiction of civil and criminal cases but only of appeals and the cases covered by the extraordinary jurisdiction that the other district courts of the Island had. We are of the opinion that the act clearly indicated an intention to establish a district court and that the words "appellate and special exclusive

jurisdiction" could be considered as superfluous. In other words, the intention of the Legislature was that the District Court of Bayamón should be like other district courts. This would be indicated by the provisions that the District Court of San Juan should continue to hear "any action, cause or ex-parte proceeding, civil or criminal, now pending before said District Court of San Juan"; that is, any other civil action arising after the 28th of July, 1930, should pass from the District Court of San Juan to the District Court of Bayamón.

The second and third assignments of error relate to the weighing of the evidence. The only particular feature that distinguishes this milk prosecution case on its facts is that one of the defendants took the stand to say that the milk had just arrived and that he always examined it with a lactometer and that if it was bad he did not sell it. Even if it was a defense the court was not bound to believe the statement.

We find no error, and the judgment should be affirmed.

Mr. Justice Córdova Dávila took no part in the decision of this case.